1  Fletcher C. Alford, SBN 152314
   falford@grsm.com
2  Kevin Liu, SBN 295287
   kliu@grsm.com
3  Myles Lanzone, SBN 257791
   mlanzone@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   315 Pacific Avenue
5  San Francisco, California 94111
   Telephone:    (415) 986-5900
6  Facsimile:    (415) 986-8054

7  Attorneys for Defendant
   THE MANAGEMENT ASSOCIATION, INC., dba
8  THE MANAGEMENT TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC., dba THE MANAGEMENT TRUST, a California Corporation, and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No. 2:24-cv-02782-WBS-CSK<br><br>**DEFENDANT THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, A CALIFORNIA CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS ASSOCIATION'S COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant, THE MANAGEMENT ASSOCIATION, INC., d/b/a THE MANAGEMENT TRUST, a California Corporation ("TMT" or "Defendant"), by and through its counsel, hereby answers Plaintiff, RIVA ON THE RIVER HOMEOWNERS ASSOCIATION ("Riva" or "Plaintiff")'s unverified Complaint ("Complaint") as follows:

-1-
DEFENDANT THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT
TRUST, A CALIFORNIA CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS ASSOCIATION'S COMPLAINT
Case No. 2:24-cv-02782-WBS-CSK

## ANSWER TO COMPLAINT

1. In answer to paragraph 1 of the Complaint, Defendant denies all material allegations of this paragraph.

2. In answer to paragraph 2 of the Complaint, Defendant admits that Defendant is a California corporation. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies same.

3. In answer to paragraph 3 of the Complaint, Defendant admits that it does business in this District. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies same.

4. In answer to paragraph 4 of the Complaint, Defendant lacks information or belief to aver as to the truth or falsity of such allegations, and on that basis denies same.

5. In answer to paragraph 5 of the Complaint, Defendant admits.

6. In answer to paragraph 6 of the Complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of such allegations, and on that basis denies same.

7. The allegations of paragraph 7 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

8. In answer to paragraph 8 of the Complaint, Plaintiff's cited link does not work, and Defendant lacks information or belief to aver as to the truth or falsity of such allegations, and on that basis denies same.

9. In answer to paragraph 9 of the Complaint, Defendant lacks information or belief to aver as to the truth or falsity of such allegations, and on that basis denies same.

10. In answer to paragraph 10 of the Complaint, Defendant lacks information or belief to aver as to the truth or falsity of such allegations, and on that basis denies same.

11. In answer to paragraph 11 of the Complaint, Defendant lacks information or belief to aver as to the truth or falsity of such allegations, and on that basis denies same.

12. In answer to paragraph 12 of the Complaint, Defendant lacks information or belief to aver as to the truth or falsity of such allegations, and on that basis denies same.

13. In answer to paragraph 13 of the Complaint, Defendant denies all material allegations of this paragraph.

14. In answer to paragraph 14 of the Complaint, Defendant admits.

15. In answer to paragraph 15 of the Complaint, Defendant admits that it entered into a Management Retainer Agreement with Riva on the River Homeowner Association. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies same.

16. In answer to paragraph 16 of the Complaint, Complaint, Defendant admits.

17. In answer to paragraph 17 of the Complaint, Defendant denies that there was a Fiduciary duty or foreclosure responsibility owed to Plaintiff. Defendant admits that all other material allegations of this paragraph are referenced in the Agreement.

18. In answer to paragraph 18 of the Complaint, Defendant admits that the parties' Agreement required Plaintiff to grant access to its financial accounts and make deposits to a bank of Defendant's choosing. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies same.

19. In answer to paragraph 19 of the Complaint, Defendant lacks information or belief sufficient to aver as to the truth or falsity of such allegations, and on that basis denies same.

20. In answer to paragraph 20 of the Complaint, Defendant denies all material allegations of this paragraph.

21. In answer to paragraph 21 of the Complaint, Defendant denies all material allegations of this paragraph.

22. In answer to paragraph 22 of the Complaint, Defendant denies all material allegations of this paragraph.

DEFENDANT THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, A CALIFORNIA CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS ASSOCIATION'S COMPLAINT
Case No. 2:24-cv-02782-WBS-CSK

23. In answer to paragraph 23 of the Complaint, Defendant denies all material allegations of this paragraph.

24. In answer to paragraph 24 of the Complaint, Defendant denies all material allegations of this paragraph.

25. The allegations of paragraph 25 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

26. The allegations of paragraph 26 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

27. The allegations of paragraph 27 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

28. The allegations of paragraph 28 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

29. The allegations of paragraph 29 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

30. The allegations of paragraph 30 are legal conclusions Defendant is not obliged to admit or deny. To the extent an answer is required, Defendant denies the same.

31. In answer to paragraph 31 of the Complaint, Defendant denies all material allegations of this paragraph.

32. In answer to paragraph 32 of the Complaint, Defendant denies all material allegations of this paragraph.

33. In answer to paragraph 33 of the Complaint, Defendant denies all material allegations of this paragraph.

34. In answer to paragraph 34 of the Complaint, Defendant hereby incorporates reference each of the answers to paragraphs 1 through 33 above.

35. In answer to paragraph 35 of the Complaint, Defendant admits.

36. In answer to paragraph 36 of the Complaint, Defendant admits that it entered into contractual relationships with Plaintiff. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies same.

37. In answer to paragraph 37 of the Complaint, Defendant admits that it received payment from Plaintiff in exchange for the fulfillment of various duties and obligations. Defendant lacks information or belief sufficient to aver as to the truth or falsity of all other material allegations of this paragraph, and on that basis denies same.

38. In answer to paragraph 38 of the Complaint, Defendant denies all material allegations of this paragraph.

39. In answer to paragraph 39 of the Complaint, Defendant denies all material allegations of this paragraph.

40. In answer to paragraph 40 of the Complaint, Defendant denies all material allegations of this paragraph.

41. In answer to paragraph 41 of the Complaint, Defendant hereby incorporates reference each of the answers to paragraphs 1 through 40 above.

42. In answer to paragraph 42 of the Complaint, Defendant admits.

43. In answer to paragraph 43 of the Complaint, Defendant admits.

44. In answer to paragraph 44 of the Complaint, Defendant denies all material allegations of this paragraph.

45. In answer to paragraph 45 of the Complaint, Defendant denies all material allegations of this paragraph.

46. In answer to paragraph 46 of the Complaint, Defendant denies all material allegations of this paragraph.

47. In answer to paragraph 47 of the Complaint, Defendant denies all material allegations of this paragraph.

48. In answer to paragraph 48 of the Complaint, Defendant denies all material allegations of this paragraph.

49. In answer to paragraph 49 of the Complaint, Defendant hereby incorporates reference each of the answers to paragraphs 1 through 48 above.

50. In answer to paragraph 50 of the Complaint, Defendant admits.

51. In answer to paragraph 51 of the Complaint, Defendant denies all material allegations of this paragraph.

52. In answer to paragraph 52 of the Complaint, Defendant denies all material allegations of this paragraph.

53. In answer to paragraph 53 of the Complaint, Defendant denies all material allegations of this paragraph.

54. In answer to paragraph 54 of the Complaint, Defendant hereby incorporates reference each of the answers to paragraphs 1 through 53 above.

55. In answer to paragraph 55 of the Complaint, Defendant admits.

56. In answer to paragraph 56 of the Complaint, Defendant denies all material allegations of this paragraph.

57. In answer to paragraph 57 of the Complaint, Defendant denies all material allegations of this paragraph.

58. In answer to paragraph 58 of the Complaint, Defendant denies all material allegations of this paragraph.

59. In answer to paragraph 59 of the Complaint, Defendant denies all material allegations of this paragraph.

60. In answer to paragraph 60 of the Complaint, Defendant denies all material allegations of this paragraph.

61. In answer to paragraph 61 of the Complaint, Defendant denies all material allegations of this paragraph.

DEFENDANT THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, A CALIFORNIA CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS ASSOCIATION'S COMPLAINT
Case No. 2:24-cv-02782-WBS-CSK

62. In answer to paragraph 62 of the Complaint, Defendant denies all material allegations of this paragraph.

63. In answer to paragraph 63 of the Complaint, Defendant denies all material allegations of this paragraph.

64. In answer to paragraph 64 of the Complaint, Defendant hereby incorporates reference each of the answers to paragraphs 1 through 63 above.

65. In answer to paragraph 65 of the Complaint, Defendant admits.

66. In answer to paragraph 66 of the Complaint, Defendant denies all material allegations of this paragraph.

67. In answer to paragraph 67 of the Complaint, Defendant denies all material allegations of this paragraph.

68. In answer to paragraph 68 of the Complaint, Defendant denies all material allegations of this paragraph.

69. In answer to paragraph 69 of the Complaint, Defendant denies all material allegations of this paragraph.

70. In answer to paragraph 70 of the Complaint, Defendant denies all material allegations of this paragraph.

## **PRAYER FOR RELIEF**

In answer to the Prayer for Relief, and to the extent a response is required, Defendant denies that Plaintiff is entitled to an order certifying this case as a class action and appointing Plaintiff and their counsel to represent the proposed Class. Defendant further denies that Plaintiff is entitled to a declaration that Defendant is financially responsible for notifying any Class Members and a declaration that Defendant must disgorge profits or make restitution to Plaintiff and the proposed Class. Defendant also denies that Plaintiff is entitled to monetary or other damages, pre-judgment interest and post-judgment interest, attorney's fees and costs, and costs of suit. Defendant denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

As a first, separate and distinct affirmative defense, Defendant alleges that each claim alleged in the Complaint is barred by all applicable California statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337(a), 338, 339, 343; California Business and Professions Code section 17208; and any other applicable statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

As a second, separate and distinct affirmative defense, Defendant alleges that any recovery is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel/Waiver)**

As a third, separate and distinct affirmative defense, Defendant alleges that Plaintiff has waived and is estopped by their own actions or omissions from recovering against Defendant for the alleged loss, injury or damage suffered by Plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

As a fourth, separate and distinct affirmative defense, Defendant alleges that Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

As a fifth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs unreasonably delayed in bringing this action and that such delay substantially prejudiced

Defendant. Therefore, Plaintiff's Complaint and each and every cause of action therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(**No Extraterritorial Application**)

As a sixth, separate and distinct affirmative defense, Defendant alleges that at all times mentioned herein, that Courts have refused to apply the Unfair Competition Law to conduct occurring outside California and involving only nonresidents, which are the subject of the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

(**Good Faith Actions**)

As seventh separate and distinct affirmative defense, Defendant alleges that at all times mentioned herein, Defendant acted reasonably and in good faith with regard to the acts and transactions which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(**Failure to State a Claim**)

As an eighth, separate and affirmative defense, Defendant alleges that Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because the Complaint fails to allege facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendant.

## NINTH AFFIRMATIVE DEFENSE

(**No Damages**)

As a ninth, separate and distinct affirmative defense, Defendant alleges that Plaintiff has not incurred any actual damages as a direct and proximate result of the conduct of Defendant.

## TENTH AFFIRMATIVE DEFENSE

(**Lack of Justifiable Reliance**)

As a tenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is

barred from asserting each and every purported cause of action set forth in the Complaint because Plaintiff did not justifiably or detrimentally rely on any communication, conduct or omission of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Plaintiff's Own Conduct)**

As an eleventh, separate and distinct affirmative defense, Defendant alleges that any damages sustained by Plaintiff was caused, either wholly or in part, by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of fault, if any, of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

**(Fault of Plaintiff or Third Parties)**

As a twelfth, separate and distinct affirmative defense, Defendant alleges that if Plaintiff sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third parties, or, Plaintiff and/or third parties otherwise were at fault. Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant therein, or recovery, if any, should thereby be reduced in proportion to such fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

As a thirteenth, separate and distinct affirmative defense, Defendant alleges that the damages alleged by Plaintiff are speculative and conjectural and not caused by any acts or omissions on the part of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Consent)**

As a fourteenth separate affirmative defense, Defendant is informed and believe, and based upon such information and belief alleges that Plaintiff's Complaint and each and every cause of action therein are barred by the doctrine of consent, express and implied.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Right to Offset)

As a fifteenth separate and distinct affirmative defense, Defendant alleges that it is entitled to an offset from any person or entity responsible for the incident or damages suffered by Plaintiff, if any.

### (Reservation of Additional Affirmative Defenses)

Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

WHEREFORE, defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint on file herein;
2. That the Complaint be dismissed, with prejudice in its entirety;
3. For costs of suit incurred herein; and
4. For such further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues.

Dated: November 19, 2024      GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Fletcher C. Alford*
    Fletcher C. Alford
    Kevin Liu
    Myles Lanzone
Attorneys for Defendant
THE MANAGEMENT ASSOCIATION, INC., dba THE MANAGEMENT TRUST

-11-
DEFENDANT THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, A CALIFORNIA CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS ASSOCIATION'S COMPLAINT
Case No. 2:24-cv-02782-WBS-CSK

GORDON REES SCULLY MANSUKHANI, LLP
315 PACIFIC AVENUE, SAN FRANCISCO, CA 94111

# **PROOF OF SERVICE**

I, Maria Deang, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 315 Pacific Avenue, San Francisco, California 94111.

On November 19, 2024, I electronically filed the attached document:

> DEFENDANT THE MANAGEMENT ASSOCIATION, INC.,
> DBA THE MANAGEMENT TRUST, A CALIFORNIA
> CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES
> TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS
> ASSOCIATION'S COMPLAINT

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

**Attorneys for Plaintiff and the Putative Class**

| | |
|---|---|
| Michael F. Ram, Esq. | Jeffrey B. Cereghino, Esq. |
| mram@forthepeople.com | jbc@cereghinolaw.com |
| Marie N. Appel, Esq. | CEREGHINO LAW GROUP LLP |
| mappel@forthepeople.com | 737 Bryant Street |
| Shelby Serig (Pro Hac Vice) | San Francisco, CA 94105 |
| MORGAN & MORGAN | Telephone: (415) 433-4949 |
| COMPLEX LITIGATION GROUP | Facsimile: (415) 433-7311 |
| 711 Van Ness Avenue, Suite 500 | |
| San Francisco, CA 94102 | |
| Telephone: (415) 846-3862 | |
| Facsimile: (415) 358-6923 | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 19, 2024, at San Francisco, California.

_/s/ Maria Deang_
Maria Deang

-12-
DEFENDANT THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, A CALIFORNIA CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RIVA ON THE RIVER HOMEOWNERS ASSOCIATION'S COMPLAINT
Case No. 2:24-cv-02782-WBS-CSK