Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
Shelby Serig (*Pro Hac Vice* to be filed)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 846-3862
Facsimile: (415) 358-6923

Jeffrey B. Cereghino, SBN 99480
jbc@cereghinolaw.com
CEREGHINO LAW GROUP LLP
737 Bryant Street
San Francisco, CA 94105
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for Plaintiff and the Putative Class

Fletcher C. Alford, SBN 152314
falford@grsm.com
Kevin Liu, SBN 295287
kliu@grsm.com
Myles Lanzone, SBN 257791
mlanzone@grsm.com
GORDON REES SCULLY
MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE MANAGEMENT ASSOCIATION,
INC., dba THE MANAGEMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC. dba THE MANAGEMENT TRUST, a California Corporation, and DOES 1 through 200, inclusive,<br><br>Defendants. | No. 2:24-cv-02782-CSK<br><br>**JOINT RULE 26(f) REPORT**<br>Date: January 28, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 25<br><br>Hon. Chi Soo Kim<br><br>Action Filed: October 9, 2024 |

JOINT RULE 26(f) REPORT          Case No. 2:24-cv-02782-CSK

Plaintiff, RIVA ON THE RIVER HOMEOWNERS ASSOCIATION, and Defendant, THE MANAGEMENT ASSOCIATION, INC. dba THE MANAGEMENT TRUST, jointly submit this case management statement.

**1.     Service Of Process On Parties Not Yet Served**

All parties have been served.

**2.     Jurisdiction And Venue**

Jurisdiction is appropriate under 28 U.S.C. section 1332(d)(2) because (1) this is a putative class action with more than one hundred (100) Class Members; (2) The Management Trust is a California Corporation based in the State of California; (3) Plaintiff and all Class Members are domiciled in various states in the United States and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

Venue in this District is proper pursuant to 28 U.S.C. section 1391(a)(1) because Defendant does sufficient business in this District to subject it to personal jurisdiction; and 28 U.S.C. section 1391(a)(2) (2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**3.     Application of Civil L.R. 203, or 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1 or L.R. 132**

None of these rules or statutes apply to this action.

**4.     Joinder Of Additional Parties And Amendment Of Pleadings**

Plaintiff has not yet identified additional Doe Defendants at this time and will thus dismiss them. However, Plaintiff has not yet commenced discovery so at this time do not know if additional parties (plaintiffs or defendants) need to be joined, or whether Plaintiff needs to amend its pleadings to add or remove any causes of action. Plaintiff requests that any deadline to join additional parties or to amend pleadings be set for a date that allows some discovery to be conducted.

**5.     The Formulation And Simplification Of The Issues, Including Elimination Of Frivolous Claims And Defenses**

Plaintiff does not believe this is applicable at this time but may supplement this section

1  in future case management statements.

2  **6.    Whether variance from the usual filing and service requirements is appropriate**

3  Not applicable.

4  **7.    Anticipated Motions, including Class Certification**

5  At this time, there are no pending motions in this case because Defendant answered the
6  complaint on November 19, 2024.  ECF 8.

7  Plaintiff requests that the filing deadline for the class certification motion be set for after
8  substantial completion of discovery because discovery will clarify the issues to be determined.
9  Plaintiff proposes that both fact and expert discovery cut-offs be set for a date after the
10 determination of the class certification motion.  Plaintiff may move for summary judgment.

11 Defendant anticipates filing a motion for summary judgment and to contest class
12 certification.

13 **8.    Initial Disclosures and Discovery**

14 The Parties have agreed to exchange initial disclosures by January 17, 2025.  The
15 remainder of discovery is referenced in the Parties' Joint Discovery Plan.

16 **9.    The Avoidance Of Unnecessary Proof And Of Cumulative Evidence, And**
17 **Limitations Or Restrictions On The Use Of Testimony Under Fed. R. Evid. 702**

18 Plaintiff does not believe this is applicable at this time but may supplement this section
19 in future case management statements.  Defendant agrees.

20 **10.   Streamlining Evidence Presentation**

21 The Parties will meet and confer in good faith regarding stipulations of fact, stipulations
22 regarding authenticity, and admissibility of documents pursuant to the business records
23 exception. To the extent the Parties are not able to agree on the admissibility of certain evidence,
24 the Parties will present those issues in pretrial motions.

25 **11.   Proposed Case Schedule**

26 The Parties' respective proposed case schedules are as follows:

27 \\\

| Event | Proposed Date |
|---|---|
| Rule 26 Initial Disclosures | January 17, 2025 |
| Motion for class certification and supporting expert declarations | September 5, 2025 |
| Joint Mid-Discovery Statement due | October 15, 2025 |
| Opposition to motion for class certification and supporting expert declarations | December 8, 2025 |
| Reply brief re: motion for class certification | February 6, 2026 |
| Class certification hearing | March 3, 2026 |
| Close of fact discovery | May 5, 2026 |
| Expert disclosures | April 21, 2026 |
| Rebuttal expert disclosures | May 26, 2026 |
| Close of expert discovery | June 23, 2026 |
| Last day to hear dispositive motions | August 4, 2026 |
| Pre-Trial Conference | December 14, 2026 |
| Trial Date | January 11, 2027 |

**12.     Trial**

The Parties do not believe that any modification of the standard pretrial procedures is necessary at this time. The Parties do not believe a separate trial for any claim, counterclaim, or other issue is warranted at this time. Plaintiff seeks a jury trial on all claims so triable and anticipates that trial will take 5 to 7 days. Defendant anticipates that trial will take 7 to 10 days, and possibly longer depending on the outcome of class certification.

**13.     Presentation of Evidence Early in the Trial**

Because discovery has not yet commenced, the Parties are not yet aware whether any of these procedures are appropriate.

**14.     Referral to a Special Master, Magistrate or MDL**

At this time, the Parties do not believe that these procedures are warranted in this case.

**15. Appropriate Settlement Procedures**

Plaintiff believes that discussions regarding settlement procedures may be premature at this juncture but is willing to engage in private mediation and believes that it would be most productive after the Parties have engaged in some discovery. Defendant agrees that discussions of settlement procedures are premature at this time and would be most productive after engaging in discovery.

**16. Any Other Matters That May Facilitate The Just, Speedy And Inexpensive Determination Of The Action.**

The Parties do not believe this is applicable at this time but may supplement this section in future case management statements.

Dated: January 7, 2025                                  Respectfully Submitted,

                                            MORGAN AND MORGAN,
                                            COMPLEX LITIGATION GROUP

                                   By:   /s/Michael F. Ram
                                                      Michael F. Ram

                                                      Michael F. Ram, SBN 104805
                                                      mram@forthepeople.com
                                                      Marie N. Appel, SBN 187483
                                                      mappel@forthepeople.com
                                                      Shelby Serig (*Pro Hac Vice* to be submitted
                                                      sserig@forthepeople.com
                                                      MORGAN & MORGAN
                                                      COMPLEX LITIGATION GROUP
                                                      711 Van Ness Avenue, Suite 500
                                                      San Francisco, CA 94102
                                                      Telephone: (415) 846-3862
                                                      Facsimile: (415) 358-6923

                                                      Jeffrey B. Cereghino, SBN 99480
                                                      jbc@cereghinolaw.com
                                                      CEREGHINO LAW GROUP LLP
                                                      737 Bryant Street
                                                      San Francisco, CA 94107
                                                      Telephone: (415) 433-4949
                                                      Facsimile: (415) 433-7311

*Attorneys for Plaintiff and the Class*

| | | |
|---|---|---|
| Dated: January 7, 2025 | | Respectfully Submitted,<br>GORDON REES SCULLY MANSUKHANI, LLP |
| | By: | /s/Fletcher C. Alford   (as authorized on 1/7/2025)<br>Fletcher C. Alford |

Fletcher C. Alford, SBN 152314
falford@grsm.com
Kevin Liu, SBN 295287
kliu@grsm.com
Myles Lanzone, SBN 257791
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE MANAGEMENT ASSOCIATION, INC., dba THE MANAGEMENT TRUST