Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
Shelby Serig (Admitted *Pro Hac Vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 846-3862
Facsimile: (415) 358-6923

Jeffrey B. Cereghino, SBN 99480
jbc@cereghinolaw.com
CEREGHINO LAW GROUP LLP
737 Bryant Street
San Francisco, CA 94105
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for Plaintiff and the Putative Class

Fletcher C. Alford, SBN 152314
falford@grsm.com
Kevin Liu, SBN 295287
kliu@grsm.com
Myles Lanzone, SBN 257791
mlanzone@grsm.com
GORDON REES SCULLY
MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE MANAGEMENT ASSOCIATION,
INC., dba THE MANAGEMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC. dba THE MANAGEMENT TRUST, a California Corporation, and DOES 1 through 200, inclusive,<br><br>Defendants. | No. 2:24-cv-02782-CSK<br><br>**JOINT DISCOVERY PLAN**<br><br>Hon. Chi Soo Kim<br><br>Action Filed: October 9, 2024 |

Plaintiff, RIVA ON THE RIVER HOMEOWNERS ASSOCIATION, and Defendant, THE MANAGEMENT ASSOCIATION, INC. dba THE MANAGEMENT TRUST, jointly submit this proposed Joint Discovery Plan.

**I.    Timing, Forms Of Discovery and Initial Disclosures (Fed. R. Civ. P. 26(F)(3)(A)**

    **A.    Timing of Discovery**

The Parties do not believe that any changes to the timing of discovery provided in Rule 26(a) are needed.

    **B.    Forms of Discovery**

**Plaintiffs' Position:** Plaintiff intends to propound interrogatories, requests for production, and requests for admission, depose Defendant's Rule 30(b)(6) designee(s) and certain unidentified employees of Defendant, the identities of whom Plaintiffs anticipate learning during discovery.

**Defendant's Position:** Defendant intends to propound interrogatories, requests for production, and requests for admission, depose Plaintiff's Rule 30(b)(6) designee(s) and board members/officers, and third parties, the identities of whom Defendant anticipates learning during discovery.

    **C.    Initial Disclosures**

The Parties have agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C) by January 17, 2025. *See* Joint Status Report.

    **D.    Expert Discovery**

**Plaintiffs' Position:** Plaintiffs propose that expert declarations will be submitted in conjunction with class certification briefing, and the briefing schedule incorporates time to allow for expert depositions as needed. Formal expert reports will be due after class certification has been decided and in preparation for trial. This provides a more efficient process as it will allow experts to focus on class damages calculations if and when a class has been certified.

**Defendant's Position:** The Parties anticipate that expert declarations will be submitted in conjunction with class certification briefing. It is hoped that expert depositions can be taken

1

within the class certification briefing schedule; but if that proves impractical, additional time may need to be added to the schedule. The Parties have also filed a joint statement that sets forth their agreed upon deadlines for expert disclosures (April 21, 2026), rebuttal expert disclosures (May 26, 2026), and close of expert discovery (June 23, 2026).

**II. Subjects for Which Discovery is Needed, Completion Dates, and Phasing (Fed. R. Civ. P. 26(F)(3)(B))**

**A. Subjects of Discovery**

**Plaintiffs' Position:** Plaintiff intends to seek discovery regarding Defendant's business practices, focusing on its accounting practices; Defendant's relationships and agreements with its bank(s); Defendant's agreements with Plaintiff; Defendant's actual practices with respect to those agreements; Defendant's disclosures to Plaintiff; whether Defendant benefitted improperly from its relationships and agreements with its bank(s) including the amount of that benefit.

**Defendant's Position:** Defendant intends to seek discovery regarding Plaintiff's allegations, including Plaintiff's communications with community managers, homeowners, and other community associations regarding the management of its funds and its agreement with Defendant. Defendant also intends to seek discovery regarding Plaintiff's knowledge concerning the deposit of Plaintiff's funds, the financial practices and backgrounds of Plaintiff's board members and officers, communications between Plaintiff and Defendant, communications between Plaintiff and its bank, and all disclosures that were provided to Plaintiff. In connection with class certification, information will also need to be obtained from absent members of the putative class on some of these same subjects.

**B. Fact Discovery Completion Date and Phasing**

The Parties propose that the fact discovery cut-off be May 5, 2026, and agree that discovery should not be conducted in phases. *See* Joint Case Status Report.

**III. Electronically Stored Information and Claims of Privilege (Fed. R. Civ. P. 26(F)(3)(C) & (D))**

The Parties are currently negotiating an ESI Protocol which will be submitted to the Court for approval. The Parties are currently negotiating a Stipulated Protective Order and will submit

it to the Court for approval.

**IV.     Changes in Discovery Limitations (Fed. R. Civ. P. 26(F)(3)(E))**

At this time, the Parties do not believe the limits on discovery under the Federal Rules of Civil Procedure need to be altered. The Parties further propose that the fact discovery cut-off should be set for May 5, 2026. *See* Joint Case Status Report

Dated: January 17, 2025                           Respectfully Submitted,

MORGAN AND MORGAN,
COMPLEX LITIGATION GROUP

By:     /s/ Michael. F. Ram
           Michael F. Ram

Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
Shelby Serig (Admitted *Pro Hac Vice*)
sserig@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 846-3862
Facsimile: (415) 358-6923

Jeffrey B. Cereghino, SBN 99480
jbc@cereghinolaw.com
CEREGHINO LAW GROUP LLP
737 Bryant Street
San Francisco, CA 94107
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff and the Class*

Dated: January 17, 2025                           Respectfully Submitted,
                                                                    GORDON REES SCULLY MANSUKHANI,
                                                                    LLP

By:     /s/Fletcher C. Alford  (as authorized on 1/16/2025)
           Fletcher C. Alford

| | |
|---|---|
| 1 | Fletcher C. Alford, SBN 152314 |
| 2 | falford@grsm.com |
|   | Kevin Liu, SBN 295287 |
| 3 | kliu@grsm.com |
|   | Myles Lanzone, SBN 257791 |
| 4 | mlanzone@grsm.com |
| 5 | GORDON REES SCULLY MANSUKHANI, LLP |
| 6 | 315 Pacific Avenue |
|   | San Francisco, California 94111 |
| 7 | Telephone: (415) 986-5900 |
|   | Facsimile: (415) 986-8054 |
| 8 | |
| 9 | Attorneys for Defendant |
|   | THE MANAGEMENT ASSOCIATION, INC., |
| 10 | dba THE MANAGEMENT TRUST |