Fletcher C. Alford, SBN 152314
falford@grsm.com
Kevin Liu, SBN 295287
kliu@grsm.com
Myles Lanzone, SBN 257791
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone:    (415) 986-5900
Facsimile:    (415) 986-8054

Attorneys for Defendant
THE MANAGEMENT ASSOCIATION, INC., dba
THE MANAGEMENT TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC., dba THE MANAGEMENT TRUST, a California Corporation,<br><br>Defendant. | Case No. 2:24-cv-02782-CSK<br><br>**MODIFIED STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2012 and October 9, 2024 will be preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved. The parties shall add or remove custodians as reasonably necessary;

d) The Parties agree that ESI from these sources will be preserved but not searched, reviewed, or produced:

   1. Random access memory (RAM) or other ephemeral data.
   2. On-line access data such as temporary internet files, histories, caches, cookies, and other related data.
   3. Personal computers and personal email not regularly used for business activities.
   4. Social media sites.
   5. Voice messages in any form, including without limitation, voicemails and voice memos, provided, however, that this will not affect the Parties' obligation to preserve and collect any recordings intentionally made of the other party, should any exist.
   6. Data contained on mobile devices, including but not limited to email, calendar data, and contact data, provided, however, that a copy of any potentially relevant data is routinely saved in real time elsewhere (such as on a server, "cloud" storage, or any other electronic system utilized by a Party).

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request or a request for production of documents implicating ESI, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

a) The parties will exchange and meet and confer on proposed search terms and queries, file type and date restrictions, and data sources (the "Search Parameters") that each Party intends to run against its agreed-upon custodians. The Parties may agree to amend the Search Parameters, including but not limited to, adding, removing, and/or substituting search terms. There is no requirement that the same Search Parameters be run by both Parties.

b) The parties shall search the ESI collected from the agreed-upon custodians using agreed-upon Search Parameters, and produce to the opposing Party all relevant, non-privileged ESI. Notwithstanding this, prior to agreeing to produce documents gathered based on Search Parameters, the Parties reserve the right to determine the volume of ESI returned by the proposed Search Parameters and meet and confer regarding any search term the producing Party contends is returning a disproportionately large volume or a significant number of likely false hits.

**6. PRODUCTION FORMATS**

a) The parties agree to produce ESI in a form ready to load into a commercially acceptable electronic discovery platform (*e.g.*, Relativity). The Parties shall produce documents as single-page black and white TIFF images and corresponding document-level text files with an Opticon .opt load file and Concordance .dat file for the Metadata. Black and white TIFF images will be produced as Group IV (1 bit) single-page TIFF images with the file extension .tif. TIFF images will be named with the corresponding Bates number. If a Party requires a particular TIFF image in color, to the extent it is available in color, it shall notify the producing Party. Color images will be produced as JPEG images with the file extension .jpg. JPEG images will be named with the corresponding Bates number. Text files will be named for the Bates corresponding to the first page of each file. . The load file should also indicate whether the document has been designated

"CONFIDENTIAL" pursuant to the Stipulated Protective Order in this Action. If a document does not contain extractable text, the producing Party shall provide OCR for that document. The load file should contain a link to the location of the OCR or extracted text.

  b) Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH, (d) ENDATTACH, (e) CUSTODIAN, (f) CONFIDENTIALITY, (g) REDACTIONS, (h) NATIVE FILE LINK, (i) TEXT FILE LINK, and (j) HASH.

| Field Name | Field Description |
| --- | --- |
| BEGBATES | Beginning Bates number as stamped on production image |
| ENDBATES | Ending Bates number as stamped on production image |
| BEGATTACH | First production Bates number of first document in a family |
| ENDATTACH | Last production Bates number of last document in a family |
| PARENT ID | Bates number of parent document |
| ATTACHMENT IDS | Bates numbers of attachments |
| CUSTODIAN | Individual from whom documents originated |
| CONFIDENTIALITY | Confidentiality designation assigned to document |
| REDACTION LABEL SUMMARY | List of redaction labels used on the document |
| FILE DATE CREATED | Date document was created |
| FILE DATE MODIFIED | Date when document was last modified according to file system information |
| EMAIL SENT DATE | Date email was sent |
| EMAIL SENT TIME | Time email was sent |
| TIME ZONE | Time zone offset used during process for the document |
| EMAIL SUBJECT | Subject of email |
| FILE NAME | Document's original name in the file system |
| FILE SIZE | Original file size in bytes |

| FILE EXTENSION | File extension |
|---|---|
| EMAIL FROM | Name and email address of sender of email |
| EMAIL TO | All recipients included on "To" line of email |
| EMAIL CC | All recipients included on "CC" line of email |
| EMAIL BCC | All recipients included on "BCC" line of email |
| HASH | MD5 hash value of document |
| TEXT FILE LINK | Path to extracted text/OCR file for document |
| NATIVE FILE LINK | Native file link (for native files only) |

    c)    If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents.

    d)    All Excel files shall be produced as Native Files. Other ESI should also be produced as Native Files where the TIFF production of such files results in material, adverse formatting changes (*e.g.*, the loss of color necessary to understand the content of the document), the files are not easily converted to image format, such as spreadsheet, presentation, audio and video, database, and drawing files, or for other good cause. The parties will cooperate with each other to facilitate the acquisition of appropriate licenses and technical information to review Native Files. Native Files shall be produced with a Bates number.

    e)    The Native File shall also be produced with a single-image placeholder TIFF image with a single Bates number on the image itself, and the confidentiality designation, if any, and should include the metadata set forth in Paragraph 6.b), and an Opticon .opt load file and Concordance .dat file for accompanying metadata and placeholder image links. The Native File shall be linked to the placeholder TIFF. There shall be no Bates numbering of Native Files at the page level. To the extent an Excel file or other spreadsheet requires redactions, the producing Party may redact the Native File, or may image the file and redact the image. To the extent the image of the Excel file is not sufficiently legible or omits information not subject to redaction, the parties shall meet and confer to determine an appropriate resolution.

MODIFIED STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

      f)      The parties agree not to degrade the searchability of documents as part of the document production process.

      g)      The parties agree to produce complete document families (i.e. an email and its attachments), with the parent-child relationship captured in the production Bates attach begin and production Bates attach end fields in the database load file. Parties may withhold privileged documents from otherwise responsive document families by producing a single-page Bates-stamped TIFF image placeholder stating the document has been withheld for privilege.

**7.   DOCUMENTS PROTECTED FROM DISCOVERY**

      a)      Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document such as, for example, as part of a mass production, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

      b)      Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate to avoid imposing an undue burden on the producing party.

      c)      A party may seek the return and/or destruction of any document produced in this action that the party later claims should have been withheld on grounds of a privilege. A party may request the return of such a document by promptly notifying the receiving party, identifying the document by Bates number, and stating the basis for withholding such document from production. The receiving party must promptly return, sequester or destroy (or in the case of ESI, delete) such document and any reasonably accessible copies it has and provide a certification that it will cease further review, dissemination, and use of the document. Notwithstanding the forgoing, a Party may contest the privilege claim by seeking a Court order compelling disclosure (a "Disclosure Motion"). Pending resolution of the Disclosure Motion, the receiving party must not use the challenged document or information in any way or disclose it to any person other than those required by law.

**8. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: March 18, 2025          MORGAN & MORGAN COMPLEX LITIGATION GROUP

By: */s/ Marie N. Appel*
  Marie N. Appel
  Attorneys for Plaintiff

Dated: March 18, 2025          GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kevin Liu*
  Fletcher C. Alford
  Kevin Liu
  Myles Lanzone
Attorneys for Defendant
THE MANAGEMENT ASSOCIATION, INC., dba THE MANAGEMENT TRUST

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  May 5, 2025

Honorable Chi Soo Kim
United States Magistrate Judge

4, riva2782.24