1  Michael F. Ram, SBN 104805
   mram@forthepeople.com
2  Marie N. Appel, SBN 187483
   mappel@forthepeople.com
3  Colin Losey, SBN 352223
   colin.losey@forthepeople.com
4  MORGAN & MORGAN
   COMPLEX LITIGATION GROUP
5  711 Van Ness Avenue, Suite 500
   San Francisco, CA 94102
6  Telephone: (415) 846-3862
   Facsimile: (415) 358-6923

7
   Jeffrey B. Cereghino, SBN 99480
8  jbc@cereghinolaw.com
   CEREGHINO LAW GROUP LLP
9  737 Bryant Street
   San Francisco, CA 94105
10 Telephone: (415) 433-4949
   Facsimile: (415) 433-7311
11
   Attorneys for Plaintiff and the Putative
12 Class

   Fletcher C. Alford, SBN 152314
   falford@grsm.com
   Kevin Liu, SBN 295287
   kliu@grsm.com
   Myles Lanzone, SBN 257791
   mlanzone@grsm.com
   GORDON REES SCULLY
   MANSUKHANI, LLP
   315 Pacific Avenue
   San Francisco, California 94111
   Telephone: (415) 986-5900
   Facsimile: (415) 986-8054

   Attorneys for Defendant
   THE MANAGEMENT ASSOCIATION,
   INC., dba THE MANAGEMENT TRUST

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS' ASSOCIATION on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC. dba THE MANAGEMENT TRUST, a California Corporation,<br><br>Defendant. | No. 2:24-cv-02782-CSK<br><br>**STIPULATION AND MODIFIED [PROPOSED] ORDER EXTENDING SCHEDULING ORDER DATES**<br><br>Hon. Chi Soo Kim<br><br>Action Filed: October 9, 2024 |

Pursuant to Rule 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure, as well as L.R. 143, and 144 of the E.D. Cal. Local Rules, Plaintiff, RIVA ON THE RIVER HOMEOWNERS ASSOCIATION ("RIVA"), and Defendant, THE MANAGEMENT ASSOCIATION, INC. dba THE MANAGEMENT TRUST ("TMT"), jointly stipulate to extend the dates in the Court's Pretrial Scheduling Order (Dkt. 19) for 120 days to allow time for the parties to conduct sufficient discovery prior to the briefing relating to Plaintiff's motion for class certification, and the parties seek entry of the same by the Court as set forth below:

1. Under Rule 6(b)(1)(A), the Court may extend deadlines for good cause. Fed. R. Civ. P. 6(b)(1)(A). Per L.R. 144(d), "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." Rule 16(b)(4) states that, "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 477 (E.D. Cal. 2022) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Id.* at 478 (citations omitted).

2. The parties were diligent in assisting the Court to create the current pretrial schedule.

3. The parties have also been diligently attempting to comply with the Court's Pretrial Scheduling order by conducting discovery in this case. The parties have each served, and responded to written discovery requests. On May 7, 2025, RIVA produced 114 documents (approximately 5,350 pages total). On June 12, 2025, TMT produced twelve documents

(approximately 78 pages total), and has approximately 6,000 documents (approximately 39,491 pages total) that has been processed for production by its E-Discovery vendor which will be produced this week.  TMT had some insurance and technical related issues that delayed commencement of its production.  These issues have been resolved, thus its document production should now be able to proceed.  Thus far, six depositions have been noticed for later this month, and two third party subpoenas have been issued.

4. RIVA has been waiting to notice depositions, in particular those under Rule 30(b)(6), until it received documents from TMT to inform the topics, as well as the specific deponents for Rule 30(b)(1) depositions.  In light of the recent and anticipated document productions, RIVA recently noticed one deposition for late July and anticipates noticing additional depositions for later in August upon review of documents produced by TMT.

5. Notwithstanding the parties' diligence in pursuing discovery, because of the later start of document production, the current September 5, 2025 deadline for RIVA's class certification motion does not allow sufficient time for RIVA to receive documents responsive to its requests, review and analyze those documents, conduct depositions based on information in those documents, and assimilate this information sufficiently for its class certification motion.

6. The delays caused by problems with the document production could not have been reasonable foreseen or anticipated at the time of the January 28, 2025, scheduling conference before the Court.  In particular, TMT experienced insurance-related difficulties and delays in retaining its E-Discovery vendor which were not resolved until the end of May 2025.  As such, TMT was unable to meet with, and upload ESI to the E-Discovery vendor until June 2025, a process that is still ongoing, but expected to be completed by the end of July 2025.-

7. The parties have been diligent in seeking this modification.  Under the operative schedule, fact discovery is ongoing and RIVA's deadline to file its motion for class certification is September 5, 2025. Dkt. 19 at 5:22-25, 12:4-8.  Trial is not set to begin until January 25, 2027. Dkt. 19 at 11:15-19, 12:22.  Thus, the parties are seeking this extension as soon as the need has become apparent.

8. This is the parties' first request for an extension of the deadlines in the Court's Pretrial Scheduling Order.

9. The parties are not stipulating to, and requesting the Court's approval of, this 120-day continuance and extension of deadlines for purposes of delay, but rather so that justice may be done.

10. Below is a table showing the stipulated deadline extensions:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion for Class Certification | September 5, 2025 | January 12, 2026 |
| Joint Mid-Discovery and Mediation Status Report | October 15, 2025 | February 12, 2026 |
| Opposition to Motion for Class Certification | December 8, 2025 | April 7, 2026 |
| Reply to Motion for Class Certification | February 6, 2026 | June 8, 2026 |
| Hearing on Motion for Class Certification | March 3, 2026 | June 30, 2026 |
| Expert Disclosures | April 21, 2026 | August 19, 2026 |
| Rebuttal Expert Disclosures | May 26, 2026 | September 23, 2026 |
| Non-Expert Discovery Completion | May 5, 2026 | September 2, 2026 |
| Expert Discovery Completion | June 23, 2026 | October 21, 2026 |
| If cross-motions for summary judgment,[1] Plaintiff's Summary Judgment Motion Filed By | June 16, 2026 | October 14, 2026 |
| If no cross-motions for summary judgment, Dispositive Motion Filed By | June 30, 2026 | October 28, 2026 |
| Dispositive Motions Heard By | August 4, 2026 | December 1, 2026 |
| Joint Pretrial Statement Filed By | 21 days before the FPTC | 21 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC | 14 days before the FPTC |

---

[1] If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Final Pretrial Conference ("FPTC") and Motions In Limine Hearing | December 14, 2026 | April 12, 2027 |
| Jury Trial (5-10 days) | January 25, 2027 | May 24, 2027 |

Dated: July 16, 2025				Respectfully Submitted,

						MORGAN AND MORGAN,
						COMPLEX LITIGATION GROUP

					By:	/s/Michael F. Ram
						 Michael F. Ram

						Michael F. Ram, SBN 104805
						mram@forthepeople.com
						Marie N. Appel, SBN 187483
						mappel@forthepeople.com
						Colin Losey, SBN 352223
						colin.losey@forthepeople.com
						MORGAN & MORGAN
						COMPLEX LITIGATION GROUP
						711 Van Ness Avenue, Suite 500
						San Francisco, CA 94102
						Telephone: (415) 846-3862
						Facsimile: (415) 358-6923

						Jeffrey B. Cereghino, SBN 99480
						jbc@cereghinolaw.com
						CEREGHINO LAW GROUP LLP
						737 Bryant Street
						San Francisco, CA 94107
						Telephone: (415) 433-4949
						Facsimile: (415) 433-7311

						Attorneys for Plaintiff and the Class

Dated: July 16, 2025				Respectfully Submitted,

						GORDON REES SCULLY MANSUKHANI, LLP

					By:	/s/Fletcher C. Alford (as authorized on 7/14/2025)
						Fletcher C. Alford

						Fletcher C. Alford, SBN 152314

4

STIPULATION AND ~~PROPOSED~~ MODIFIED ORDER		Case No. 2:24-cv-02782-CSK
EXTENDING SCHEDULING ORDER DATES

falford@grsm.com
Kevin Liu, SBN 295287
kliu@grsm.com
Myles Lanzone, SBN 257791
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
THE MANGEMENT ASSOCIATION, INC.,
dba THE MANAGEMENT TRUST

## [PROPOSED] MODIFIED ORDER

Finding good cause, the Court will grant the Parties' request to modify the Court's 1/30/2025 Pretrial Scheduling Order (ECF No. 19) as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Motion for Class Certification | September 5, 2025 | January 12, 2026 |
| Joint Mid-Discovery and Mediation Status Report | October 15, 2025 | February 12, 2026 |
| Opposition to Motion for Class Certification | December 8, 2025 | April 7, 2026 |
| Reply to Motion for Class Certification | February 6, 2026 | June 8, 2026 |
| Hearing on Motion for Class Certification | March 3, 2026 | June 30, 2026 |
| Expert Disclosures | April 21, 2026 | August 19, 2026 |
| Rebuttal Expert Disclosures | May 26, 2026 | September 23, 2026 |
| Non-Expert Discovery Completion | May 5, 2026 | September 2, 2026 |
| Expert Discovery Completion | June 23, 2026 | October 21, 2026 |

| Event | Current Deadline | New Deadline |
|---|---|---|
| If cross-motions for summary judgment,[2] Plaintiff's Summary Judgment Motion Filed By | June 16, 2026 | October 13, 2026 |
| If no cross-motions for summary judgment, Dispositive Motion Filed By | June 30, 2026 | October 27, 2026 |
| Dispositive Motions Heard By | August 4, 2026 | December 1, 2026 |
| Joint Pretrial Statement Filed By | 21 days before the FPTC | 21 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC | 14 days before the FPTC |
| Final Pretrial Conference ("FPTC") and Motions In Limine Hearing | December 14, 2026 | April 12, 2027 |
| Jury Trial (5-10 days) | January 25, 2027 | May 24, 2027 |

Dated: July 16, 2025

_____
Hon. Chi Soo Kim
United States Magistrate Judge

4, riva2782.24

---

[2] If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.