UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, et al.,<br><br>Defendants. | Case No. 2:24-cv-02782-CSK<br><br>DISCOVERY ORDER<br><br>(ECF No. 41) |

On November 6, 2025, the Court held an informal discovery conference regarding the parties' dispute as to Plaintiff Riva on the River Homeowners Association's Interrogatory No. 14 (ECF No. 41). Counsel Colin Losey appeared for Plaintiff, and counsel Kevin Liu appeared for Defendant The Management Assoc, Inc., d/b/a The Management Trust ("TMT"). All parties agreed to abide by the Court's orders from the informal discovery conference. The Court noted its appreciation for the professionalism exhibited by counsel in raising and addressing the discovery dispute.

The Court granted in part and denied in part the discovery requested as follows. **Within 15 days from the November 6, 2025 discovery conference**, the parties are ordered to:

1) Both Plaintiff and Defendant will contact TMT's prior software vendor in continued efforts to access TMT's pre-2019 payment data (e.g., software licensing, etc.). Defendant is to provide Plaintiff with contact information for the vendor. Plaintiff indicated its willingness to bear the costs or contribute towards costs to access TMT's pre-2019 payment data.

2) Both Plaintiff and Defendant have IT, ESI, and/or e-discovery staff assisting with this case. The IT, ESI, and/or e-discovery staff of Plaintiff and Defendant must meet by phone, video, or in-person to discuss accessing TMT's pre-2019 payment data. Counsel may join this meeting.

3) TMT has indicated that the banks are the best source for data to identify HOA clients related to payments (ECF 41 at 2), and Plaintiff has issued subpoenas to the banks. Plaintiff will promptly provide Defendant with copies of the banks' objection letters/ responses to Plaintiff's subpoenas. Defendant will contact the banks to assist with the banks' response (e.g., provide authorization for disclosure of payments made to TMT, etc.).

4) Defendant must supplement its response to Interrogatory No. 14: (a) regarding its inability to identify specific HOA clients/ entities for each payment (ECF 41 at 2); and (b) to identify all HOA clients/ entities for whom TMT deposited money in that bank by time period (e.g., list of HOA clients with funds at a specific bank by time period). For 4(b), the parties may need to meet and confer to identify how to most efficiently provide this information as identifying all HOA clients for each individual payment transaction in Exhibit 3 (ECF No. 41-1 at 2) may be overly burdensome.

5) The parties shall file a brief Joint Status Report re: Discovery providing an update as to their compliance with the Court's order for each category above.

**It is so ordered.**

Dated: November 6, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/riva2782.24