UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, et al.,<br><br>Defendants. | Case No. 2:24-cv-02782-CSK<br><br>DISCOVERY ORDER<br><br>(ECF Nos. 46, 47) |

On December 8, 2025, the Court held an informal discovery conference regarding the parties' second dispute as to Plaintiff Riva on the River Homeowners Association's Interrogatory No. 14 (ECF Nos. 46, 47). Counsel Colin Losey and Michael Ram appeared for Plaintiff, and counsel Kevin Liu appeared for Defendant The Management Assoc, Inc., d/b/a The Management Trust ("TMT"). All parties agreed to abide by the Court's orders from the informal discovery conference.

As an initial matter as stated during the conference, the Court declines to consider the declaration of Robert Shelquist, one of Plaintiff's attorneys, for failure to follow the Court's page limitations by submitting information regarding the parties' meet and confer and discovery dispute that Plaintiff was required to submit in the body of the parties'

1

Joint Informal Discovery Letter brief. (ECF No. 46 at 5; ECF No. 47 at 3).

The Court GRANTS IN PART and DENIES IN PART Plaintiff's request. Defendant's current supplemental response, which in part directs Plaintiff to the document production by certain banks is insufficient. See Fed. R. Civ. P. 26(b)(1) & 33. Defendant TMT has this information for at least two of four banks who have produced documents responding to Plaintiff's subpoenas.

By **close of business December 10, 2025**, Defendant TMT is ordered to further supplement its response to Interrogatory No. 14 to identify HOA clients/ entities for whom TMT deposited money into certain banks, and to do so by time period, which strikes a reasonable balance between proportionality and burden or expense. *See* 11/6/2025 Order at ¶ 4(b) (ECF No. 43); Fed. R. Civ. P. 26(b)(1). Defendant TMT is not required to provide this information on a transaction basis, which is not proportional to the needs of the case where it is overly burdensome and may not be possible to provide. *See* Fed. R. Civ. P. 26(b)(1). To the extent Defendant lacks this information (e.g., for the remaining two of four banks who have not produced documents responding to Plaintiff's subpoenas), Defendant's supplemental response shall so indicate.

**It is so ordered.**

Dated:  December 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/riva2782.24