UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVA ON THE RIVER HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE MANAGEMENT ASSOCIATION, INC., DBA THE MANAGEMENT TRUST, et al.,<br><br>Defendants. | Case No. 2:24-cv-02782-CSK<br><br>DISCOVERY ORDER<br><br>(ECF No. 89) |

On October 16, 2026, the Court held a third informal discovery conference in this matter regarding the parties' dispute as to Plaintiff Riva on the River Homeowners Association's communications with its outside counsel related to Defendant The Management Assoc, Inc., d/b/a The Management Trust's ("TMT") statute of limitations defense. (ECF No. 89.) Counsel Amanda Beattie and Jeffrey Cereghino appeared for Plaintiff, and counsel Fletcher Alford and Kevin Liu appeared for Defendant. Defendant seeks written communications and to depose Riva board members and outside counsel on these communications.

## I. DISCUSSION

Defendant seeks to compel Plaintiff to produce its written and electronic

communications with its outside counsel that: (1) in any way relate to the practice of Defendant or Riva's other management companies potentially receiving payments from banks; and (2) were made one year or more before this action was filed. Defendant further requests that Riva also be ordered to withdraw any objections to deposition questions to Riva board members, outside counsel Deon Stein, or outside counsel Rosalind Olson relating to such communications. (ECF No. 89 at 3.) Plaintiff asserts attorney-client privilege, but agrees to produce its communications with its outside counsel that: (i) in any way relate to the practice of Defendant TMT potentially receiving payments from banks; and (ii) were made one year or more before this action was filed. Therefore, this portion of Defendant's request is denied as moot and the Court focuses its analysis on the remaining issue in dispute: Plaintiff's communications with other management companies.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The parties agree that California law on attorney-client privilege applies. *See* Fed. R. Evid. 501; Cal. Evid. Code § 954; *Lee v. Danaher Corp.*, No. 25-CV-04107-TSH, 2026 WL 2078122, at *1 (N.D. Cal. July 17, 2026); Jt. Stmt at 3. The attorney-client privilege may be expressly waived or impliedly waived (also referred to as "at-issue" waiver). *See* Cal. Evid. Code § 912(a). Here, Defendant has the burden to establish waiver because Plaintiff has made a prima facie showing that the communications are confidential attorney-client communications. *See S. Cal. Gas Co. v. Pub. Utilities Com.*, 50 Cal. 3d 31, 40 (1990).

**Express Waiver.** The Court concludes that Plaintiff has expressly waived the privilege as to its communications regarding the Silvercreek Agreement where Plaintiff admits that it has produced "**all** communications relating to this agreement" and where Plaintiff's board members have been deposed regarding these communications. *See* Jt

Stmt at 8 (emphasis in original); *see also id*. at 4 (describing Plaintiff's disclosure of certain communications without requesting a claw back and related deposition testimony); Cal. Evid. Code § 912(a). The Court further concludes that Plaintiff has expressly waived the privilege as to its communications regarding the Action Agreement where Plaintiff produced a communication between the President of Plaintiff's board (Kathy Bailey) and Plaintiff's outside counsel Olson regarding the Action Agreement, including counsel's redline comments on the Action Agreement, and Plaintiff's negotiations with Silvercreek. Though Plaintiff argues that there was no waiver because this communication did not contain any privileged material (*see* Jt Stmt at 8), Defendant provided a more detailed description of the communication during the discovery conference, including reading portions of the communication at issue. The Court disagrees, and concludes that Plaintiff has expressly waived the privilege as to its communications regarding the Action Agreement.

**Implied/ At-Issue Waiver.** Implied waiver is established when the party "has put the otherwise privileged communication directly at issue and that disclosure is essential for a fair adjudication of the action." *S. Cal. Gas Co.*, 50 Cal. 3d at 40; *see Guardian Storage Centers, LLC v. Simpson*, 119 Cal. App. 5th 509, 522 (2026). The Court concludes that Plaintiff has impliedly waived the privilege where Plaintiff has affirmatively puts its communications with counsel regarding the alleged misconduct at issue through its allegations in the operative complaint, which is the First Amended Complaint ("FAC"). *See* FAC ¶ 3 ("Plaintiff learned of TMT's misconduct from its counsel, Deon Stein, within a year of filing its original complaint in this case."), ¶ 194 ("Plaintiff learned of Management Trust's misconduct in discussions with its counsel in the few months prior to filing the complaint centered upon several indicia of an earning credit arrangement…"); *see also* Compl. ¶ 33 ("Plaintiff learned of Management Trust's misconduct in discussions with its counsel…"). The communications are directly relevant to Defendant's statute of limitations defense, and disclosure is essential for a fair adjudication.

## II. CONCLUSION AND ORDERS

Based on the findings and conclusions above, the Court rules as follows:

**1. Written and Electronic Communications.** Plaintiff agrees to produce its written and electronic communications with its outside counsel that: (i) in any way relate to the practice of Defendant TMT potentially receiving payments from banks; and (ii) were made one year or more before this action was filed. Jt Stmt at 9. The only other property management companies besides Defendant that Defendant identifies are Silvercreek and Action property management. Plaintiff must produce such communications by close of business on October 30, 2026. As to other property management companies besides Defendant, the Court orders Plaintiff to produce its written and electronic communications with its outside counsel that: (i) in any way relate to the practice of Silvercreek or Action property management potentially receiving payments from banks; and (ii) were made one year or more before this action was filed. To the extent there are communications between Plaintiff and its outside counsel regarding the practice of other property management companies besides Defendant, Silvercreek, or Action potentially receiving payments from banks and that were made one year or more before this action was filed, Plaintiff must produce a privilege log to enable Defendant to determine whether there is a basis to seek to compel other communications. Plaintiff must produce responsive communications and any privilege log by close of business on October 30, 2026.

**2. Depositions.** It is unclear exactly what relief Defendant is seeking as to depositions. *See* Jt Stmt. Defendant indicates that it deposed Plaintiff board members and already questioned them regarding their communications with counsel and what they learned of the earning credits issue from their outside counsel. *See* Jt Stmt at 4. This suggests that additional deposition testimony from Plaintiff board members is not sought, though Defendant does seek such deposition testimony from outside counsel Olson and Stein. Plaintiff proposes that Defendant be permitted to ask additional interrogatories regarding this subject, rather than by deposition. Jt Stmt at 9-10.

To the extent Defendant requests re-opening the deposition of Plaintiff board members, the Court denies the request as overly burdensome where the board members were permitted to testify regarding their communications with outside counsel. If, however, Plaintiff board members were instructed not to answer certain questions during their depositions based on attorney-client privilege regarding communications related to the statute of limitations issue, Defendant will be permitted to present those deposition questions to Plaintiff board members in writing pursuant to Rule 31. *See* Fed. R. Civ. P. 31(a)(2)(A)(ii). The Court finds that this strikes the appropriate balance as to Plaintiff board members. Defendant must serve any such written deposition questions by close of business on October 30, 2026, and Plaintiff must serve its responses within fourteen days.

As to the depositions of Plaintiff's outside counsel Olson and Stein, Defendant is permitted to ask questions regarding the statute of limitations issue as to Plaintiff Riva (e.g., the basis for the FAC's allegations that Plaintiff learned of TMT's misconduct from its counsel, what and when outside counsel communicated to Plaintiff board members regarding the earnings credit issue, when and how Plaintiff board members learned of the earning credits issue, the written communications already produced and ordered produced, etc.). During the discovery conference, Plaintiff raised a legitimate concern regarding potential deposition questions as to counsel's communications with clients *other* than Plaintiff Riva regarding earnings credits. Defendant represented that it did not ask such questions of counsel Olson and confirmed that it would not ask such questions of counsel Stein. Defendant would not be permitted to ask such questions, and regardless, this issue is deemed moot given Defendant's confirmation at the discovery conference. To the extent outside counsel Olson was instructed not to answer questions at her depositions as to the statute of limitations issue, Defendant will be permitted to re-open the Olson deposition limited to the statute of limitations issue as to Plaintiff. It appears that the deposition of outside counsel Stein has not yet been taken. The Court expects the parties to promptly meet and confer to schedule these depositions.

**ORDER**

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant TMT's discovery request (ECF No. 89). In summary:

(1) Written and Electronic Communications: As provided above, Plaintiff must produce communications it has agreed to produce and communications ordered by close of business on October 30, 2026.

(2) Depositions: As provided above, Defendant must serve any written deposition questions for Plaintiff board members by close of business on October 30, 2026, and Plaintiff must serve its responses within fourteen days. The parties are ordered to promptly meet and confer to schedule the limited re-opened deposition of Plaintiff's outside counsel Olson and to schedule the deposition of Plaintiff's outside counsel Stein.

**It is so ordered.**

Dated: October 20, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/riva2782.24.disco3